IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-CV-00058-D

| | |
|---|---|
| STEPHEN KYPRIANIDES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER AND** |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| | ) |
| PERRY MARTIN, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* [DE-1] and for frivolity review under 28 U.S.C. § 1915. Stephen Kyprianides ("Plaintiff") receives $737 per month in retirement benefits. He also owns a home valued at $10,000 and two cars valued at $300 and $250, respectively. However, he has legitimate monthly expenses of $700 and claims to have depleted his savings in paying for his house. Accordingly, the Court is satisfied that he has demonstrated appropriate evidence of inability to pay the required court costs and his application to proceed *in forma pauperis* is allowed.

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

After careful review of Plaintiff's Complaint [DE-1-2], and giving due consideration to Plaintiff's *pro se* status, the Court concludes that Plaintiff's complaint fails to state a claim on

which relief may be granted in federal court.[1] Plaintiff filed this suit on October 25, 2010 against Perry Martin ("Mr. Martin"). In his Complaint, Plaintiff describes the following facts:

From at least 2002 to 2009, Plaintiff lived in Lewiston, North Carolina, sharing his home with "his animals," at least twenty dogs and cats. Compl. at 1-6. Beginning in 2002, Plaintiff periodically came into contact with Bertie County animal control and law enforcement officials regarding his keeping of the animals. *Id.* In May of 2009, Plaintiff's animals were taken by animal control. *Id.* at 3. Three weeks later, Plaintiff was arrested on misdemeanor charges of animal cruelty. *Id.*

After his arrest, Plaintiff spoke to and ultimately hired an attorney, Mr. Martin, to represent him on the animal cruelty charges. *Id.* at 4. Plaintiff told Mr. Martin how much the animals meant to him and explained that his main concern was to get the animals back as soon as possible. *Id.* Plaintiff was brought to trial in state district court in December of 2009. *Id.* Plaintiff pled no contest on Mr. Martin's advice, and as a result was sentenced to a 45-day suspended sentence, two years probation, and was not allowed to be around any animals during that time. *Id.* Plaintiff's appeal to the Superior Court was heard on August 9, 2010. *Id.* at 5. Plaintiff once again pled no contest on Mr. Martin's advice, and this time received a 90-day suspended sentence, two years probation with six months strict supervisions, and was still not allowed to be around any animals. *Id.*

According to Plaintiff, Mr. Martin "intentionally and willfully misrepresented" him. *Id.* at 1. Plaintiff claims that Mr. Martin said that he "would do everything he possibly could," but

---

[1] Plaintiff filed a second copy of the same complaint in a companion case, *Kyprianides v. County of Bertie, N.C.*, 2:10-CV-00057-D, on the same day as the Complaint in the instant case. The Court is also recommending dismissal of Plaintiff's other action by separate Memorandum and Recommendation. However, the Court notes that, judging by their captions, the instant case appears to be directed at the actions of Plaintiff's attorney, Mr. Martin, and its companion case appears to be geared towards the conduct of Bertie County. Accordingly, the Court will address the Plaintiff's allegations against Mr. Martin in this Memorandum and Recommendation and reserve analysis of the separate allegations against Bertie County for the Memorandum and Recommendation in the companion case.

in fact "didn't do anything at all." *Id.* at 4. Plaintiff also claims that Mr. Martin was "unprepared for the trial," having "never held a conference" with Plaintiff, and that he did not know all the facts. *Id.* For example, Plaintiff claims that Mr. Martin repeatedly failed to apply for a stay, despite Plaintiff's numerous requests. *Id.* In addition, Plaintiff appears to believe that Mr. Martin conspired with the judges in his case and coerced him into signing a plea agreement. *Id.* at 5. As a result of the foregoing allegations, Plaintiff asks the Court to (1) declare a mistrial; (2) void the plea agreement; (3) compel Mr. Martin to return all fees paid to Plaintiff; and (4) find Mr. Martin "liable for monetary damages because of his blatant breach of trust." *Id.* at 6.

Plaintiff asserts that the Court has jurisdiction "because the issues set forth pertain to Discrimination, Harassment and a violation of Due Process rights." *Id.* at 1. However, Plaintiff has not alleged any facts that would support a claim that Mr. Martin discriminated against him, harassed him in any way, or personally violated his due process rights. Rather, Plaintiff appears to be asserting some type of malpractice claim against Mr. Martin. To the extent that Plaintiff believes that Mr. Martin committed an ethical violation, his avenue for recourse would be by filing a claim with the North Carolina State Bar rather than the federal courts. Similarly, to the extent that Plaintiff has any claim for legal malpractice against Mr. Martin, such a cause of action would fall soundly within the province of the state courts and nowhere in his Complaint has Plaintiff alleged that diversity grounds provide a basis for this suit's presence here. Accordingly, the Court finds that Plaintiff has failed to provide a basis for maintenance of the instant action against Mr. Martin and thus fails to state a claim on which relief may be granted in federal court.

## **CONCLUSION**

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, the Court **RECOMMENDS** that the complaint be **DISMISSED** on frivolity review for failure to state a claim on which relief may be granted in federal court.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 17th day of December, 2010.

DAVID W. DANIEL
United States Magistrate Judge

4